Elmer LEE, Appellant,

v.

C. M. GILSTRAP, Chief of Police, Wayne County; Lt. O. N. Weaver; Sgt. R. A. Stocks; G. W. Bailey; Perry Sharp; H. R. Isler; Terry Holland, Appellees.

No. 79–6330.

United States Court of Appeals, Fourth Circuit.

Argued June 2, 1981.

Decided Oct. 6, 1981.

Rehearing Denied Nov. 18, 1981.

---

William S. Aldridge, Raleigh, N. C. (Broughton, Wilkins, Ross & Crampton, P. A., Raleigh, N. C., on brief), for appellant.

W. Harrell Everett, Jr., Goldsboro, N. C., (Smith, Everett & Womble, Goldsboro, N. C., on brief), for appellees.

Before BRYAN, Senior Circuit Judge, and RUSSELL and HALL, Circuit Judges.

PER CURIAM:

This appeal is from the summary judgment, entered March 22, 1978, by the Federal District Court for the Eastern District of North Carolina, dismissing the action of Elmer Lee to recover damages, under 42 U.S.C. § 1983,* of C. M. Gilstrap, et al., police officers of the City of Goldsboro, N.C. for their allegedly illegal entry and arrest of him on January 26, 1977, while he was occupying the house of his mother-in-law in Goldsboro. The officers carried five duly issued State arrest warrants separately charging him with the commission in Goldsboro of the robbery of a store, an assault on its employee, the robbery of a service station, an assault on its employee, and the kidnapping of an employee of the station. We affirm.

The defendant officers had received tips that Lee was seen in the yard around the house as well as at the window. On the officers' knocking at the front door it was opened by Lee's wife, to whom they made known their identity and purpose as well as the warrants in hand for the arrest of her husband. As Lee was not in sight they searched the house for him and found him hiding in the bathroom linen closet. Whereupon he was arrested and promptly taken before the appropriate State Magistrate, formally charged and committed to the County jail, there to await trial. Lee was found guilty of robbery and kidnapping, and sentenced to life imprisonment. On July 5, 1977 he commenced the present action in the District Court. His conviction was sustained by the Supreme Court of North Carolina on December 1, 1977.

We reject Lee's arguments that the entry by the police into his mother-in-law's house and the subsequent search for him violated his constitutional rights. The rights protected by the Fourth Amendment are personal; they may not be asserted vicariously. *Rakas v. Illinois*, 439 U.S. 128, 133–134, 99 S.Ct. 421, 424–25, 58 L.Ed.2d 387 (1978); *Alderman v. United States*, 394 U.S. 165, 197, 89 S.Ct. 961, 979, 22 L.Ed.2d 176 (1969). Since Lee had no privacy interest, his claim under § 1983 must be rejected.

Affirmed.

---

* § 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.